**UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Michelle Richardson | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | **Case No.:** |
| United States of America and | ) | |
| | ) | **COMPLAINT AND DEMAND FOR** |
| City of Philadelphia | ) | **JURY TRIAL** |
| | ) | |
| Defendants | ) | **(Federal Tort Claims Act & Premises liability)** |

**COMPLAINT**

Plaintiff, Michelle Richardson, states and alleges:

***JURISDICTION***

1. This action is brought pursuant to Federal Tort Claims Act, 28 U.S.C. § 2671, et seq.

2. This action arises from a fall suffered by the Plaintiff on June 18, 2022.

3. This court has jurisdiction pursuant to 28 U.S.C. § 1346(b)(1) because this action is for money damages as compensation for personal injury caused by certain negligent or wrongful acts or omissions of employees of the United States Government, which conduct occurred while those employees were acting within the scope of their office and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the law of the place where the act or omission occurred.

4. On July 15, 2022, Plaintiff submitted to the Federal Bureau of Prisons an Administrative Claim which was amended on October 17, 2022 to state a claim in the amount of $1,000,000.

5.    Receipt of Plaintiff's Administrative Tort Claim on October 20, 2022 was acknowledged by the Bureau on November 18, 2022.

6.    The six months provided by the Federal Tort Claims Act for the Bureau of Prisons to review, consider and adjudicate the Plaintiff's claim expired on April 20, 2023.

7.    The Bureau of Prisons did not make a final disposition of Plaintiff's Administrative Claim within six months after it was filed.

8.    The Plaintiff also provided said claim to General Services Administration, which on January 18, 2023 acknowledged receipt of the same on October 17, 2022. It was the determination of the GSA that final administrative determination in the matter should be made by the Federal Bureau of Prisons, and thereupon the GSA so referred the claim to the Federal Bureau of Prisons.

9.    As such, notice of the Plaintiff's claim, a statement thereof, and an Administrative Claim thereupon was timely received by the Bureau of Prisons both directly from the Plaintiff and, in addition, by referral from the General Services Administration.

10.    The conditions precedent to filing this action under the Federal Tort Claim Act have been satisfied.

11.    Venue is proper pursuant to 28 U.S.C. § 1402(b) because the acts complained of occurred in the Eastern District of Pennsylvania.

### PARTIES

12.    At all times material, Plaintiff has been a citizen of the United States of America and a resident of St. Mary's County, Maryland.

13.    The United States of America is an appropriate Defendant under the Federal Tort Claims Act.

14.    The City of Philadelphia is a City of the First Class. The Defendant, City of Philadelphia, is a municipality duly organized and existing by and under the laws of the Commonwealth of Pennsylvania and may be served through the City of Philadelphia, Law Department, 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania and also may be served electronically at City_Closure_Complaints@phila.gov per Notice posted by the Defendant at https://www.phila.gov/2020-04-09-service-of-process-of-civil-litigation-papers-on-the-city-of-philadelphia-during-covid-19-emergency/

## *FACTS*

15.    On June 18, 2022, Plaintiff Michelle Richardson sustained bodily injury when she was caused to trip, stumble and fall while walking on the sidewalk along Arch Street on the 700 block of the same, in the City and County of Philadelphia, Pennsylvania, adjoining the Philadelphia Federal Detention Center, a facility operated by the United States of America through the Federal Bureau of Prisons.

16.    The Plaintiff was caused to trip and fall not by any condition upon the sidewalk, but rather by a condition of the sidewalk itself--the Plaintiff was caused to fall due to the uneven condition of the sidewalk, with one section of the sidewalk an inch or more higher than the adjoining section, which thereby created a major hazard with a one inch or greater vertical displacement.

17.    The involved sidewalk is located upon the lot designated 700 Arch Street, Philadelphia, Pennsylvania, which parcel was taken by the United States of America pursuant to Act of Congress, as recorded in a Declaration of Taking recorded with the Philadelphia Recorder of Deeds as Deed to the involved premises.

18.    As a result of the aforesaid accident, Plaintiff was caused to sustain serious personal injuries to both hands, including but not limited to severe fracture of the middle finger left hand which required surgery, pinning of the fracture, with permanent deformation of the same,  and about the body, and surrounding areas and all injuries both known and unknown, all of which have caused and may cause further in the future great pain and suffering and agony and a deprivation of her normal mode of living and a loss of earnings and/or earning power.

19.    As a further result of the aforesaid accident and injuries, Plaintiff has suffered permanent injury and disability as well as embarrassment, humiliation and loss of life's pleasures.

20.    As a result of the aforesaid injuries, Plaintiff has incurred medical and other expenses in treating herself and may be obliged to incur additional expenses in the future.

21.    All named Defendants are liable, jointly and severally, for the injuries and damages suffered by the Plaintiff.

### COUNT I: PLAINTIFF, MICHELLE RICHARDSON v. UNITED STATES OF AMERICA

22.    Plaintiff realleges and incorporates by reference all of the previous paragraphs hereinabove as though set forth fully below.

23.    On or about June 18, 2022, Plaintiff, while lawfully and properly walking on the sidewalk adjoining the south side of Arch Street as it approaches Seventh Street from the west, and while exercising due care for Plaintiff's own safety, tripped and fell as a direct and proximate result of the wrongful and negligent conduct of Defendant United States of America's employees.

24.    On or about June 18, 2022, Defendant United States of America did possess and/or control the Philadelphia Federal Detention Center and its appurtenances, including the sidewalk running along Arch Street which was held open for pedestrian traffic, and did allow a portion of said sidewalk to

have a protruding segment of the sidewalk which constituted a dangerous condition that created a reasonably foreseeable risk of tripping and/or causing a person to fall and become significantly injured.

25.    The involved sidewalk was laid or constructed in rectangular segments of cement or other similar material, rather than as one continuous length of such material. Herein, the segments did not meet flatly, but rather one segment was raised more than an inch higher than the adjoining segment, creating a vertical displacement of more than an inch between the two, resulting in a more than one inch high tripping hazard.

26.    Defendant United States of America, at all relevant times knew or had a reasonable amount of time to know of and protect against the dangerous condition. At that place and time, the dangerous condition did cause Plaintiff, while lawfully and properly upon the sidewalk along Arch Street to trip, fall, and suffer significant injuries.

27.    Defendant United States of America is liable for the dangerous condition and the injury that it caused Plaintiff as alleged above.

28.    As a result of the dangerous condition of public property as alleged above, Plaintiff was injured in a foreseeable manner directly caused by the dangerous condition that was known or should have been known and protected against by Defendant United States of America.

29.    More specifically, on or before June 18, 2022, Defendant United States of America's employees were negligent, in that they allowed to remain a protruding edge of sidewalk segments on a public sidewalk commonly used by pedestrians, including but not limited to numerous visitors to the City of Philadelphia, and failed to use reasonable care in the maintenance of the sidewalk, and/or protect visitors from harm caused by the protruding edge of cement or other such material comprising the segments of sidewalk, and so allowing the sidewalk to remain in a hazardous, and unsafe condition.

30. The United States of America and its employees acting in the course of their employment were responsible for and undertook the duty of maintaining the premises where Plaintiff tripped and were responsible for and undertook the duty of maintaining the sidewalk upon which she fell.

31. The United States of America and its employees acting in the course of their employment knew, or should reasonably have known by the exercise of ordinary care, of the existence of the danger presented by a greater than one inch vertical displacement between the segments of the sidewalk at that time and place and had a reasonable opportunity to remedy or make safe the danger and warn of the danger.

32. Those employees of the Defendant who were responsible for the maintenance of the sidewalk failed to exercise reasonable care to inspect and maintain and keep the sidewalk free from tripping hazards.

33. Defendant United States of America is liable for the failure to maintain property as alleged above.

## COUNT II: MICHELLE RICHARDSON v. THE CITY OF PHILADELPHIA

34. Plaintiff realleges and incorporates by reference all of the previous paragraphs herein above as though set forth fully below.

35. The sidewalk to Arch Street in Philadelphia, Pennsylvania between Seventh and Eighth streets is a sidewalk within the right-of-way of a street owned by the City of Philadelphia.

36. The City of Philadelphia was notified of the Plaintiff's Claim through delivery of a completed General Claim Information Form with supporting documents to the City's Risk Management department at 1515 Arch Street, 14th Floor, Philadelphia, PA on July 15, 2022, with acknowledgment of

the receipt of the same provided by the Office of the Director of Finance – Risk Management Division on August 2, 2022.

37.    At all times relevant hereto, the Defendant, City of Philadelphia, acted and/or failed to act in a manner that was negligent in:

(a)    failing to maintain the said area when it knew or should have known of the dangerous condition;

(b)    failing to inspect the area;

(c)    failing to warn Plaintiff and others similarly situated of the dangerous condition;

(d)    failing to provide safe access;

(e)    failing to cordon off the dangerous area;

(f)    failing to make reasonable inspections;

(g)    failing to property train employees;

(h)    failing to have the proper number of trained employees to maintain and/or clear area;

(i)    failing to be diligent in having inspections;

(l)    failing to use ordinary care which the general public has the right to expect of property owners;

(n)    violated the various provisions of the Restatement of Torts 2d; and

(o)    was otherwise negligent in fact and law as will be determined through discovery.

38.    The Plaintiff was caused to trip, stumble and fall due to a dangerous condition of sidewalks within the rights-of-way of streets owned by the City of Philadelphia.

39.    The dangerous condition herein created a reasonably foreseeable risk of the kind of injury which was incurred and that the City of Philadelphia had actual notice or could reasonably be charged

with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

40.    When a local agency is liable for damages under this paragraph by reason of its power and authority to require installation and repair of sidewalks under the care, custody and control of other persons, the local agency shall be secondarily liable only and such other persons shall be primarily liable.

WHEREFORE, Plaintiff prays for judgment against Defendants consistent with the administrative claim for damages previously submitted in the amount of $1,000,000, together with interest, costs, disbursements, attorney fees and such further relief as is just and proper under the circumstances.

Dated this April 21 , 2023.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

By: _____
Robert Rapkin, Esquire
Attorney ID No. 61628
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (215) 540-8817
Email: phillyefile@lemonlaw.com

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Michelle Richardson, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

By: _____

Robert Rapkin, Esquire
Attorney ID No. 61628
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (215) 540-8817
Email: phillyefile@lemonlaw.com